IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHOMAS T. WINSTON,

                Plaintiff,

  v.

DOCTOR FREDERICK W. KRON, JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE5, and WISCONSIN DEPARTMENT OF CORRECTIONS,

                Defendants.

OPINION and ORDER

20-cv-367-jdp

---

Pro se plaintiff and prisoner Shomas T. Winston is suing the Wisconsin Department of Corrections and some of its medical staff for failing to properly treat a foot injury that Winston sustained during a basketball game. Winston's complaint is before the court for screening to determine whether it states a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) and § 1915A. Winston also moves for assistance in recruiting counsel. For the reasons explained below, I will allow Winston to proceed on all of his claims, with the exception of his claims against the Wisconsin Department of Corrections and his Eighth Amendment claim against Frederick Kron.

SCREENING

I understand Winston to be contending that defendants violated his right to medical care under the Eighth Amendment to the United States Constitution and Wisconsin's common law of negligence by failing to properly treat his foot injury.

A. **Legal standard**

A prison official violates a prisoner's Eighth Amendment right to medical care if the official is "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). The condition does not have to be life threatening. *Id.* A medical need may be serious if it "significantly affects an individual's daily activities," *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997), if it causes significant pain, *Cooper v. Casey*, 97 F.3d 914, 916–17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825 (1994). "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but are disregarding the risk by consciously failing to take reasonable measures. *See Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).

Thus, a claim under the Eighth Amendment for failing to provide adequate medical care has three elements:

1. Did the prisoner need medical treatment?

2. Did the defendant know that the prisoner needed treatment?

3. Despite his or her awareness of the need, did the defendant consciously fail to take reasonable measures to provide the necessary treatment?

Wisconsin law defines medical negligence as the failure of a medical professional to "exercise that degree of care and skill which is exercised by the average practitioner in the class to which he belongs, acting in the same or similar circumstances." *Sawyer v. Midelfort*, 227 Wis.2d 124, 149, 595 N.W.2d 423, 435 (1999); *Schuster v. Altenberg*, 144 Wis. 2d 223, 229, 424 N.W.2d 159, 161–62 (1988). Like all claims for negligence, a claim for medical

2

malpractice includes the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) harm to the plaintiff. *Paul v. Skemp*, 2001 WI 4217, 242 Wis. 2d 507, 625 N.W.2d 860 (2001). Thus, to establish a prima facie medical negligence claim, plaintiff must show that defendants failed to use the required degree of skill exercised by an average respective medical professional, that plaintiff was harmed and that there is a causal connection between defendants' failure and plaintiff's harm. Wis JI–Civil 1023.

## B. Wisconsin Department of Corrections

Winston hasn't stated a claim against the Wisconsin Department of Corrections, which can't be sued for constitutional violations, *see Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 444 (7th Cir. 2009), or under state law, *see Mayhugh v. State*, 2015 WI 77, 364 Wis. 2d 208, 867 N.W.2d 754. Winston says that the department can be sued under the Federal Tort Claims Act and that the state legislature waived the department's state sovereign immunity in Wis. Stat. § 301.04, which permits the department to sue and be sued. Both contentions are incorrect. The FTCA applies only to claims against the United States. *See* 28 U.S.C. § 1346; *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). And the Wisconsin Supreme Court has rejected the view that § 301.04 acts as a waiver of immunity. *See Mayhugh*, 2015 WI 77, at ¶ 41. So I will dismiss the department from the case.

## C. Individual defendants

Winston alleges that he tore ligaments in his foot and that he still can't walk without pain, so it is reasonable to infer at the pleading stage that he was suffering from a serious medical need when he sought treatment from the individual defendants. I will consider separately whether it is reasonable to infer from Winston's allegations that each defendant was negligent and consciously failed to provide reasonable treatment.

1. **Jane Doe 1**

Jane Doe 1 was a nurse who saw Winston after his accident. She gave him crutches, pain medication, muscle rub, ice, and an extra pillow to elevate his foot. Winston doesn't allege that Doe 1 had any reason to believe at the time that her treatment was inadequate. But I understand Winston to contend that Doe 1 violated his rights by refusing to schedule a doctor's appointment for him. It is reasonable to infer from Winston's allegations that he needed follow up care and that Doe 1 knew this, so I will allow him to proceed on a negligence claim and a under the Eighth Amendment. *See Perez v. Fenoglio*, 792 F.3d 768, 780–81 (7th Cir. 2015) (refusing to schedule doctor's appointment may state a claim for an Eighth Amendment violation).

2. **Jane Doe 2 and Jane Doe 3**

Jane Doe 2 and Jane Doe 3 are also prison nurses. I understand Winston to be asserting two claims against them: (1) they refused to schedule Winston to see the doctor, despite his complaint that his pain medication was ineffective and the pain was interfering with his sleep; and (2) they both instructed Winston to walk on his foot without crutches, which exacerbated his injury.

Intentionally delaying treatment and persisting in ineffective treatment can be negligent and also violate the Eighth Amendment. *See Rowe v. Gibson,* 798 F.3d 622, 628 (7th Cir. 2015); *Perez,* 792 F.3d at 777–78. So I will allow Winston to proceed under both theories for his claim that defendants refused his requests to see a doctor. Winston doesn't allege that Doe 2 and Doe 3 knowingly gave him bad advice for his foot, but a healthcare provider may be held liable under the Eighth Amendment if her "decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the [provider]

actually was exercising . . . professional judgment." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). At the pleading stage, it is reasonable to infer that directions to walk on an injured foot meet that standard. So I will allow Winston to proceed under both theories on this claim as well.

    3. **Jane Doe 4**

Winston alleges that Jane Doe 4 refused to provide any treatment for him when he questioned whether she should be responding to health service requests that he submitted to the doctor. A refusal to provide treatment for a serious medical need may be both negligent and a violation of the Eighth Amendment, *see Ralston v. McGovern*, 167 F.3d 1160, 1161–62 (7th Cir. 1999), so I will allow Winston to proceed under both theories against this defendant.

    4. **Frederick Kron**

Frederick Kron is the prison doctor who eventually examined Winston approximately one month after his injury. Kron determined that Winston had torn ligaments in his foot. He prescribed physical therapy and a protective boot and ordered an MRI. Winston doesn't allege that any of Kron's treatment was inappropriate. Instead, Winston's claim against Kron appears to be that Kron "made zero effort" to make sure that staff complied with his treatment orders. Dkt. 1, ¶ 30. It is not clear from Winston's complaint whether Kron was supposed to follow up with Winston, but at the pleading stage, it is reasonable to infer that he was, so I will allow Winston to proceed on a negligence claim against Kron. But Winston doesn't allege that Kron was aware that staff failed to comply with his directions, so Winston hasn't stated a claim under the Eighth Amendment against Kron.

### 5. Jane Doe 5

Winston alleges that Jane Doe 5 refused for nearly two months to comply with Kron's orders to start physical therapy and schedule an MRI. Interfering with a doctor's orders may be negligent and violate the Eighth Amendment, *see Estelle*, 429 U.S. at 104–05, so I will allow Winston to proceed under both theories on this claim.

### D. Identifying the unnamed defendants

Winston hasn't identified the names of any of the nurses he is suing. "[W]hen the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint." *Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 555 (7th Cir. 1996). Early on in this lawsuit, Magistrate Judge Stephen Crocker will hold a preliminary pretrial conference. At the time of the conference, the magistrate judge will discuss with the parties the most efficient way to identify the unnamed defendants and will set a deadline within which Winston is to amend his complaint to name those defendants. Winston should be prepared at the conference to provide as many details as he can about the nurses and his interactions with them so that they can be more easily identified. If the unnamed defendants cannot be identified, they may be dismissed from the case.

MOTION FOR ASSISTANCE IN RECRUITING COUNSEL

Winston also moves for assistance in recruiting counsel. Dkt. 8. He cites 18 U.S.C. § 3306A(a)(2), but that statute applies to criminal and habeas cases. Recruiting counsel in civil cases is governed by 28 U.S.C. § 1915(e)(1). That statute doesn't give pro se litigants a right to counsel. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Instead, it gives district courts

discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must show three things: (1) he doesn't have the means to pay a lawyer, 28 U.S.C. § 1915(e)(1); (2) he made reasonable efforts to find a lawyer to represent him, *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it without a lawyer, *Pruitt*, 503 F.3d at 654–55.

Winston's trust fund account statement, Dkt. 4, shows that he cannot afford to pay a lawyer, but he hasn't shown that he made reasonable efforts to recruit a lawyer to represent him pro bono or on a contingency fee. In this court, a party may satisfy that requirement with evidence that at least three lawyers in the relevant practice area refused his request to represent him. That evidence may include rejection letters from the lawyers. Alternatively, if the lawyers do not respond after 30 days, the plaintiff may submit a copy of the letter he sent and a declaration made under penalty of perjury that identifies the lawyers he wrote to and the date he sent the letters.

Even if Winston had complied with the requirement to make reasonable efforts to find a lawyer on his own, it would be too early to tell at this stage of the case whether Winston satisfies the third requirement, which is whether the case is too difficult or complex for Winston to handle on his own. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the

7

beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Winston says that he needs a lawyer because his case involves complex medical issues that will require expert testimony. But that concern is premature for two reasons. First, even if I assume that Winston's claims involve complicated medical questions, there is a simpler threshold issue. Specifically, because Winston is a prisoner, he is required to exhaust his administrative remedies before filing a lawsuit about his treatment in prison. 42 U.S.C. §1997e(a). Although Winston does not have to show in his complaint that he complied with § 1997e(a), defendants may move to dismiss his claims at a later date if he failed to use the prison grievance process before filing this case. For this reason, it is this court's general policy to defer decisions about counsel until after any issues about exhaustion of administrative remedies are resolved. Because defendants have the burden to show that the prisoner did not properly complete the exhaustion process and issues about exhaustion generally are simpler than the merits and require little discovery, counsel often is not needed for that issue.

Second, the court of appeals has rejected the view that all claims involving medical care require the assistance of counsel. *See, e.g.*, *Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010); *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). And not all medical claims require expert testimony. *See Gil v. Reed*, 535 F.3d 551, 557–58 (7th Cir. 2008). At this point, it is impossible to tell what issues will be in dispute at summary judgment or trial and how complex those issues will be. Even in cases involving complex medical issues, a claim may be resolved on more straightforward grounds. *See, e.g.*, *Olson*, 750 F.3d at 712 (no abuse of discretion in denying recruitment of counsel motion for medical care case when disputed issue was whether defendant knew of plaintiff's physical condition).

So I will deny Winston's motion for assistance in recruiting counsel. If the case survives any motion by defendants to dismiss the case for failure to exhaust or if defendants do not file such a motion before the deadline for doing so, Winston is free to renew his motion after he shows that he has made reasonable efforts to find a lawyer on his own.

ORDER

IT IS ORDERED that:

1. Plaintiff Shomas T. Winston is GRANTED leave to proceed on the following claims:

    a. Jane Doe 1, Jane Doe 2, and Jane Doe 3 refused to schedule a doctor's appointment for Winston, in violation of the Eighth Amendment and state law;

    b. Jane Doe 2 and Jane Doe 3 told Winston to walk on his injured foot, in violation of the Eighth Amendment and state law;

    c. Jane Doe 4 refused to treat Winston, in violation of the Eighth Amendment and state law;

    d. Frederick Kron failed to ensure that staff was following his orders, in violation of state law;

    e. Jane Doe 5 refused to comply with Kron's orders, in violation of the Eighth Amendment and state law.

2. Winston's claims against the Wisconsin Department of Corrections and his Eighth Amendment claim against Frederick Kron are DISMISSED for Winston's failure to state a claim upon which relief may be granted. The Wisconsin Department of Corrections is DISMISSED from the case.

3. Winston's motion for assistance in recruiting counsel, Dkt. 8, is DENIED.

4. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Winston's complaint and this order are being sent today to the Attorney General for service on defendants. Winston should not attempt to serve defendants on his own at this time. Under the agreement, the Department of Justice will have 60 days from the date of the Notice of Electronic Filing of his order to answer or otherwise plead to Winston's complaint if it accepts service for defendants.

5. For the time being, Winston must send defendants a copy of every paper or document that he files with the court. Once Winston learns the name of the lawyer who will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard documents Winston submits that do not show on the court's copy that he has sent a copy to defendants or to defendants' attorney.

6. Winston should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

7. If Winston is transferred or released while this case is pending, it is his obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his case may be dismissed for failure to prosecute.

Entered July 17, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge