IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHOMAS T. WINSTON,

                          Plaintiff,

      v.                                                    OPINION and ORDER

FREDERICK W. KRON, EILEEN MURPHY,                           20-cv-367-jdp
TAMMY L. STUDZINSKI, NIKKI L. SHANNON,
and KRIS DEYOUNG,

                          Defendants.

Pro se plaintiff and prisoner Shomas T. Winston is proceeding on claims that prison staff failed to properly treat a foot injury, in violation of the Eighth Amendment and state law. Two of the defendants, nurses Tammi Studzinski and Nikki Shannon, move for partial summary judgment on the ground that Winston didn't exhaust his available administrative remedies on his Eighth Amendment claims against them, as required by 42 U.S.C. § 1997e(a). Dkt. 58. Also before the court is Winston's motion for assistance in recruiting counsel. Dkt. 69. For the reasons discussed below, I will deny both motions.

ANALYSIS

A.  Exhaustion

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This means that a prisoner must follow all the prison's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If a prisoner fails to comply with § 1997e(a), the court must dismiss any unexhausted claims without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th

Cir. 2004). But a prisoner's failure to exhaust is an affirmative defense that the defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

In this case, Winston is proceeding on the following claims regarding an alleged failure to properly treat Winston's hand injury that he sustained while playing basketball:

a. Eileen Murphy, Tammy Studzinski, and Sherri Pulda (all nurses) refused to schedule a doctor's appointment for Winston, in violation of the Eighth Amendment and state law;

b. Studzinski and Pulda told Winston to walk on his injured foot, in violation of the Eighth Amendment and state law;

c. Nikki Shannon (a nurse) refused to treat Winston, in violation of the Eighth Amendment and state law;

d. Frederick Kron (a doctor) failed to ensure that staff was following his orders, in violation of state law;

e. Kris DeYoung (a nurse) refused to comply with Kron's orders, in violation of the Eighth Amendment and state law.

Kron, Murphy, and DeYoung don't challenge Winston's compliance with § 1997e(a). But Studzinski and Shannon contend that Winston didn't exhaust his Eighth Amendment claims against them.[1] Both contend that Winston didn't file a grievance about the claims he raised against them. Studzinski also contends that any grievance Winston did file was untimely. Neither contention is supported by the record.

1. **Content of grievance**

The parties agree that Winston filed one grievance form about treatment for his hand, complaint no. 20-1505, dated January 21, 2020. In the section of the form directing Winston to "[b]riefly state who or what is the <u>ONE</u> issue of this complaint," Winston wrote: "Injured

---

[1] Defendants do not seek dismissal of the state-law claims against them because § 1997e(a) is a requirement for federal, not state, claims. *Voss v. Kauer,* No. 18-cv-848-jdp, 2019 WL 3802480, at *2 (W.D. Wis. Aug. 13, 2019).

myself in December of 2019 and wasn't provided adequate medical care until close to a month and a half later." Dkt. 60-1, at 15. In the section of the form asking Winston to identify the remedy he was seeking, Winston wrote, "swifter, more adequate treatment, rather than nurse not referring to doctor." *Id.* In the section of the form asking for more details, Winston described how he was injured and the lack of treatment that he had received, and he noted that he had "walked around like this for over a month." *Id.*

Defendants Studzinski and Shannon say that Winston's grievance wasn't specific enough, but they point to nothing on the grievance form or in prison rules that required more than what Winston provided. When, as in this case, "the applicable regulations provide little guidance regarding the required contents of a prison administrative complaint, . . . an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (internal quotation marks omitted). *See also Strong v. David,* 297 F.3d 646 (7th Cir. 2002) ("All the grievance need do is object intelligibly to some asserted shortcoming.").

I conclude that Winston's grievance provided adequate notice of the claims at issue. Winston complained generally about the lack of medical treatment he had received, and he specifically mentioned the nurses' alleged failure to schedule a timely doctor's appointment, which is one of Winston's claims against Studzinski. His more general allegations that the nurses failed to treat his injury encompasses his claim that Shannon refused to provide treatment. He didn't identify the nurses by name in his grievance, but that's not required. *See Jones v. Bock*, 549 U.S. 199, 217–19 (2007).

Winston didn't specifically accuse Studzinski of telling him to walk on his foot, but he did say that he been required to walk on his foot for a month after his injury. This is a closer

call, but I conclude that was enough to allow prison officials to address the concern raised by Winston's claim against Studzinski this case. *See Schillinger*, 954 F.3d at 995 ("The exhaustion requirement protects the prison's administrative authority by giving it an opportunity to correct its own mistakes before suit is filed against it in federal court."); *see also Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) (prisoner exhausted failure-to-protect claim with grievance stating, "[t]he administration don't [sic] do there [sic] job. [A sexual assault] should've never [sic] happen again").

None of the administrative staff reviewing Winston's grievance rejected it as too vague or asked for more information. Rather, the inmate complaint examiner and the corrections complaint examiner reviewed all the care that Winston had received and concluded that it was adequate. Dkt. 60-1, at 11–12. They responded specifically to the allegation about being forced to walk on the foot by noting records indicating that Winston had initially denied a need for crutches. *Id.* The Secretary's designee later sided with Winston in part, concluding that there was a delay in scheduling a doctor's appointment. *Id.* at 13. But the designee repeated the observation that Winston had denied a need for crutches. *Id.* So officials had a fair opportunity to consider the claim before Winston filed this lawsuit.

## 2. Timeliness

Studzinski's alternative contention that the grievance was untimely also fails. She notes that Winston dated his grievance January 21, 2020, but he was complaining about conduct that occurred in December 2019. The deadline for filing a grievance is 14 days "after the occurrence giving rise to the complaint," Wis. Admin. Code DOC § 310.07(2), which Studzinski says Winston didn't meet.

I need not consider whether Winston's complaint was timely. "A procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming. Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense." *Maddox v. Love*, 655 F.3d 709, 721–22 (7th Cir. 2011). In this case, Winston's complaint was decided on the merits at every administrative level; none of the examiners rejected the complaint as untimely. So even if Winston's grievance were untimely, defendants couldn't rely on that as a basis for dismissal.

## B. Assistance in recruiting counsel

Winston moves for assistance in recruiting counsel. Dkt. 69. A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must show three things: (1) he doesn't have the means to pay a lawyer, 28 U.S.C. § 1915(e)(1); (2) he made reasonable efforts on his own to find a lawyer to represent him, *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it, *Pruitt*, 503 F.3d at 654–55.

This is the second time that Winston has asked for assistance in recruiting counsel in this case. *See* Dkt. 8. In denying his first motion, I noted that Winston had shown that he didn't have the means to pay a lawyer, but he failed to satisfy the other two requirements. Dkt. 10, at 6–9. First, Winston didn't show that he made reasonable efforts to find a lawyer on his own. Specifically, he didn't submit three rejection letters from lawyers, a copy of any

letters he sent to lawyers, or a declaration made under penalty of perjury that identified the lawyers he wrote to and the date he sent the letters. Second, he didn't show that the case was too difficult to prosecute on his own. Winston said that he needed a lawyer because his case involves complex medical issues that will require expert testimony, but I rejected that argument because it was speculative whether expert testimony would be needed to resolve any of Winston's claims.

In his renewed motion, Winston says that he sent letters to three lawyers, but none of them have responded. He attaches his letters, which are dated April and May 2020. Dkt. 70. So I conclude that Winston has made reasonable efforts to find a lawyer on his own.

As for Winston's ability to prosecute the case without a lawyer, Winston again argues that he needs a lawyer because some of his claims will require expert testimony. But as I told Winston in denying his first request for counsel, the court of appeals has rejected the view that all claims involving medical care require the assistance of counsel. *See, e.g.*, *Williams v. Swenson*, 747 F. App'x 432, 434 (7th Cir. 2019); *Dobbey v. Carter*, 734 F. App'x 362, 364 (7th Cir. 2018); *Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010); *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). And not all medical claims require expert testimony. *See Gil v. Reed*, 535 F.3d 551, 557–58 (7th Cir. 2008). At this point, it is impossible to tell what issues will be in dispute at summary judgment or trial and how complex those issues will be. Even in cases involving complex medical issues, a claim may be resolved on more straightforward grounds. *See, e.g.*, *Redman v. Doehling*, 751 F. App'x 900, 905 (7th Cir. 2018) ("Redman could litigate his claims himself because they turned on historical facts as opposed to medical evidence"); *Olson*, 750 F.3d at 712 (no abuse of discretion in denying recruitment of counsel motion for medical care case when disputed issue was whether defendant knew of plaintiff's physical condition).

So I decline to recruit counsel at this time. If later developments in the case show that Winston can't litigate the case without a lawyer, he may renew his motion at that time.

## ORDER

IT IS ORDERED that:

1. The motion for partial summary judgment filed by defendant Tammy Studzinski and Nikki Shannon, Dkt. 58, is DENIED.

2. Plaintiff Shomas Winston's motion for assistance in recruiting counsel, Dkt. 69, is DENIED.

Entered June 2, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

7