IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHOMAS T. WINSTON,

                      Plaintiff,

  v.

SHERRI A. PULDA and KRIS DEYOUNG,

                      Defendants.

OPINION and ORDER

20-cv-367-jdp

---

    Pro se plaintiff and prisoner Shomas T. Winston is proceeding on claims that defendants Sherri A. Pulda and Kris DeYoung denied him medical care for a foot injury, in violation of the Eighth Amendment and Wisconsin's common law of negligence. Specifically, Winston says that: (1) Pulda refused to schedule a doctor's appointment for his injured foot; (2) Pulda instructed him to walk on his injured foot; and (3) DeYoung refused to follow a doctor's order to schedule physical therapy. The case is scheduled for trial on March 7, 2022.

    Defendants' motions in limine are now before the court. Dkt. 149. (Winston didn't file any motions in limine.) For the reasons explained below, I will grant each of the motions.

    Winston doesn't dispute two of the three motions in limine that defendants filed. Specifically, Winston doesn't oppose defendants' motions to exclude references to other lawsuits, other grievances, or anything in defendants' personnel file that isn't related to this case. So I will grant those motions as unopposed.

    The motion in dispute relates to damages. Defendants acknowledge that Winston is qualified to testify about his own perception of his physical and mental health. *See Gayton v. McCoy*, 593 F.3d 610, 625 (7th Cir. 2010) (jury may infer without medical expert testimony

that delay in acting prolonged the plaintiff's pain). So Winston is free to testify about the pain he experienced while waiting to see the doctor and receive physical therapy.

But defendants seek to bar Winston from testifying or arguing that their actions or inaction "caused him to suffer a nonosseous calcaneonavicular coalition, a talocalcaneal coalition, or myofascial pain, or that his pain will continue in the future." Dkt. 149, at 5. Defendants are correct that Winston hasn't cited any evidence that the delay in seeing a doctor, the alleged advice to walk on his injured foot, or the lack of physical therapy caused a nonosseous calcaneonavicular coalition, a talocalcaneal coalition, or myofascial pain. Medical records from a year after the injury include references to those conditions, Dkt. 101-2, at 14–15 and Dkt. 118-14, at 3, but they don't identify a cause. The causes of these specific conditions as well as the extent of future injury is beyond the scope of lay opinion, so Winston may not testify about those issues. *See Henderson v. Sheahan*, 196 F.3d 839, 851 (7th Cir. 1999); *Davis v. Meisner*, No. 15-cv-268-slc, 2017 WL 4570796, at *7 (W.D. Wis. Oct. 12, 2017).

ORDER

IT IS ORDERED that:

1. Defendants' motion in limine to exclude references to other lawsuits, Dkt. 149, is GRANTED.

2. Defendants' motion to exclude evidence of grievances or portions of defendants' personnel file that aren't related to this case, Dkt. 149, is GRANTED.

3. Defendants' motion to exclude evidence or argument that their conduct will cause plaintiff to suffer future injury or caused plaintiff to suffer a nonosseous

calcaneonavicular coalition, a talocalcaneal coalition, or myofascial pain, Dkt. 149, is GRANTED.

Entered February 24, 2022.

                                             BY THE COURT:

                                             /s/

                                           _____
                                           JAMES D. PETERSON
                                           District Judge